1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:22-CR-00087 JLT |
| Plaintiff, | ORDER DENYING MOTION TO DISMISS (Doc. 21) |
| v. | |
| JASON LOUIS MELLO, | |
| Defendant. | |

The indictment in this case alleges that Jason Mello failed to pay over FICA taxes related to quarterly tax returns filed in 2015 and 2016. Mr. Mello moves the Court to dismiss the first four counts of the indictment (Doc. 21) arguing that the statute of limitations expired before the indictment was filed and, as such, these counts should be dismissed. The government asserts that the statute of limitations did not accrue until April 15, 2016 and, consequently, the statute of limitations had not run. Because the Court finds the statute of limitations runs from April 15 of the year following the tax-year at issue, the motion to dismiss is **DENIED**.

I.    **Background**

In 2015 and 2016, Mr. Mello was the President, Chief Executive Officer, Secretary and Chief Financial Officer of CCT Inc., a trucking company. (Doc. 1 at 1-2) In his position, Mello "was responsible for collecting, truthfully accounting for, and paying over CCT Inc.'s payroll taxes, including Trust Fund Taxes to the United States." *Id*. at 2. He signed each of the quarterly tax returns

1

(Form 941) from January 2015 through June 2016. *Id*. Though CCT withheld the taxes from the employers' paychecks, Mr. Mello failed "to pay to the IRS the required Trust Fund Taxes due." *Id*. at 3. "Altogether, for the six calendar quarters from January 2015 to June 2016, [he] failed to pay over approximately \$196,706.46 in Trust Fund Taxes." *Id*. at 3. Only in the fourth quarter of 2015 did he make a Trust Fund Tax payment and that was about \$31,000 less than what was owed. *Id*. Of pertinence here, the first four counts of the indictment charges Mr. Mello with "Willful failure to collect or pay over tax" which is a violation of Title 26, United States Code § 7202.

In this motion, Mr. Mello argues that the statute of limitations began to run the day he filed each quarterly tax return, which means that the statute of limitations ran for each of the first four counts before the government filed the indictment. (Doc. 21) The government argues that the six-year statute of limitations did not begin to run until April 15 of the year following the tax years at issue.

## II.   Analysis

### A.   The statute of limitations

The parties agree that there is a six-year statute of limitations for violations of 26 U.S.C. § 7202. (26 U.S.C. § 6531(4) ["... the period of limitation shall be 6 years--¶¶ (4) for the offense of willfully failing to pay any tax. . .") The dispute centers on when the statute of limitations begins to run. Notably, § 6531 reads, "For the purpose of determining the periods of limitation on criminal prosecutions, the rules of section 6513 shall be applicable." Section 6513 provides,

¶¶

(c) Return and payment of social security taxes and income tax withholding. -- Notwithstanding subsection (a), for purposes of section 6511 with respect to any tax imposed by chapter 3, 4[1], 21, or 24—

(1) If a return for any period ending with or within a calendar year is filed before April 15 of the succeeding calendar year, such return shall be considered filed on April 15 of such succeeding calendar year;

(2) If a tax with respect to remuneration or other amount paid during any period ending with or within a calendar year is paid before April 15 of the succeeding calendar year, such tax shall be considered paid on April 15 of such succeeding calendar year.

---

[1] Chapter 4 includes Federal Insurance Contribution Act ("FICA") taxes, which are at issue in this indictment. (Doc. 1 at 2)

Mr. Mello argues that though this section provides for the statute of limitations related to filing tax returns and for tax payments made, it does not provide for a statute of limitations for the situation here, where there is valid return filed but no tax payment made. If this is correct, then Mr. Mello's motion to dismiss as to Count 4 must be denied because, in fact, the indictment alleges that he *did* make a tax payment, even if it was for the wrong amount. Thus, undoubtedly, the statute of limitations began to run as to Count 4 on April 15, 2016. (26 U.S.C. § 6513(c)(2)) Because the indictment was filed less than six years from that date, the motion to dismiss as to Count 4 is **DENIED**.

On the other hand, Mr. Mello argues that because there is no contention that the tax returns he filed in 2015 would support a violation of § 7202, the limitation period set forth in § 6513(c)(1) is irrelevant. He focuses instead on § 6513(c)(2) and argues that because he did not make full payment— or any payment as to Counts 1 through 3—§ 6513(c)(2) does not apply. The Court disagrees. On its face, § 6513(c) determines that if a taxpayer files a tax return or pays a tax, the statute of limitations begins to run on April 15 of the year following the tax year at issue.[2] The Court rejects that when a taxpayer does one, but not the other, § 6513(c) no longer applies. Such a construction is unsupported by any legal authority and defies the plain language of § 6513 (c).  Here, the indictment alleges that Mr. Mello filed the Form 941s for each of the quarters of 2015 before April 15 of 2016. Consequently, the statute of limitations began to run on April 15, 2016, and ran out six years later.

*United States v. Whatley*, 2010 WL 1236401 (D. Utah Mar. 29, 2010) is in accord. In *Whatley,* the court considered whether the failure to pay over taxes came within the provisions of § 6513(c) for purposes of determining when the statute of limitations accrued. In a sparsely worded order, the court held that "an employment tax return is deemed filed on April 15 of the succeeding calendar year." *Id.* at *2. Thus, the court concluded that the indictment, which charged violations of § 7202—as here— was timely brought within the six-year statute of limitations period. *Id*. Likewise, in *United States v. Hussain*, 2016 WL 270956 (N.D. Cal. Jan. 22, 2016), the court was confronted with a case in which the employer was alleged to have failed to properly account for taxes despite having filed quarterly returns, and to pay over the taxes at issue as required by § 7202. The Court held, ". . . because

---

[2] The Court offers no opinion as to whether § 6513(c) applies to situations under § 7202 where the employer neither files the Form 941 nor pays the tax.

1 Defendant filed 941 forms for first, second, and third quarters of 2006, the Court applies section

2 6513(c) to determine when the returns are deemed filed." *Id.* at *5.

3 **ORDER**

4 Based upon the foregoing the Court **ORDERS**:

5     1.      The motion to dismiss (Doc. 21) is **DENIED**.

6     2.      The Court sets a further status conference before Judge Oberto on May 17, 2023 at 1:00

7 p.m.[3]

8

9 IT IS SO ORDERED.

10    Dated:   **May 16, 2023**

UNITED STATES DISTRICT JUDGE

---

28 [3] The parties may stipulate, with an adequate time exclusion, to a different status conference date.

4